## Lancaster Co. Nat. Bank v. Boffenmyer et al., Appellants.

*Partnership—Holding out—Evidence.*

In an action on promissory notes against P. Boffenmyer and his son to hold the father liable as a partner, the case must be submitted to the jury where there is evidence that the notes were signed " P. Boffenmyer & Son ; " that the son, with his father's knowledge and consent, in order to strengthen his credit and business, used his father's name on notes and checks, and that his father indorsed notes signed as above.

Argued May 17, 1894.   Appeal, No. 411, Jan. T., 1894, by defendants, Peter Boffenmyer and David M. Boffenmyer, trading as P. Boffenmyer & Son and The Lancaster Trust Co., executor of Peter Boffenmyer, deceased, substituted, from judgment of C. P. Lancaster Co., Sept. T., 1892, No. 58, on verdict for plaintiff.   Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and FELL, JJ.   Affirmed.

Assumpsit on promissory notes.   Before LIVINGSTON, P. J.

At the trial it appeared that, in 1879, David M. Boffenmyer was in business and kept an account at the Lancaster County National Bank.   About a month after he went into business he changed his account to P. Boffenmyer & Son, and continued to keep this account until Aug. 3, 1888, when he failed.   During this whole period he deposited moneys there to that account, indorsed business notes to P. Boffenmyer & Son, had them discounted and the proceeds placed to that account, had accommodation notes signed P. Boffenmyer & Son, indorsed by Peter Boffenmyer, discounted and proceeds placed to that account, checked on it by checks signed P. Boffenmyer & Son, and the whole business at the bank was done in the name of P. Boffenmyer & Son.

On April 24, 1886, Peter Boffenmyer was in the bank and Franklin H. Breneman, then cashier of the bank, had a conversation with him.   Mr. Breneman stated to him that David was still using the name of P. Boffenmyer & Son, and asked if that was right.   Peter Boffenmyer replied that it was.   In 1888, Peter Boffenmyer admitted to different persons that he

had allowed David to use his name for the purpose of strength-ening his credit and business, but was not aware that he had used his name to the extent he had.    Peter Boffenmyer denied all this.

Defendants' request for binding instruction was refused.

Verdict and judgment for plaintiff.    Defendants appealed.

*Error assigned* was, inter alia, above instruction, quoting it.

*William R. Wilson, William H. Roland* with him, for appellant.

*Wm. Aug. Atlee*, for appellee.

PER CURIAM, July 11, 1894:

An examination of this record, with reference to the questions presented by the specifications of error, has not convinced us that there is anything in either of the legal positions, insisted on by defendants, that would justify a reversal of the judgment.

The plaintiff's case depended on questions of fact which, in view of the conflicting testimony, were exclusively for the determination of the jury, and to them they were fairly submitted with appropriate instructions.    The main, and perhaps the controlling question was not whether P. Boffenmyer, whose personal representative is now The Lancaster Trust Co., appellant, was in fact a partner generally with his son David M., in the name of P. Boffenmyer & Son, but whether, in their intercourse and dealings with the plaintiff bank, Peter Boffenmyer did not so speak and act as to render himself liable to the bank as such partner, in respect of the notes in suit. The testimony tended to prove that he did, and it was of such a character as to warrant the jury in so finding.

Referring to that subject, the learned president of the common pleas, in the course of his charge, said to the jury: " Does the whole evidence satisfy you that Peter Boffenmyer and D. M. Boffenmyer, by their acts and declarations in their dealing with this bank, . . . . held themselves out to the bank or its officers that they were partners and thus induced the bank to discount the notes in suit and pass the proceeds to the credit

of the firm P. Boffenmyer & Son ? . . . . If so, then whether there was really a partnership between Peter Boffenmyer and D. M. Boffenmyer, inter sese, or not, they would be liable to the bank as partners, and your verdict should be for the plaintiff, the bank, for the sum claimed with interest. If the evidence does not so satisfy you, then your verdict should be for the defendant simply."

The logic of the verdict, which is in entire accord with the weight of the testimony, is that P. Boffenmyer did so act as to render himself liable to the bank, as a partner. There is nothing in either of the specifications that requires a reversal of the judgment.

Judgment affirmed.